This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41382**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**NATHANIEL R. RAY,**

Defendant-Appellee.

**APPEAL FROM THE METROPOLITAN COURT OF BERNAILLO COUNTY**
**Michelle Castillo Dowler, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Emily Miller, Assistant Attorney General
Tyler Sciara, Assistant Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}**     The State appeals the metropolitan court's decision to dismiss the criminal complaint against Defendant Nathaniel Ray on double jeopardy grounds. The State argues that double jeopardy was not implicated, so dismissal was not required. We affirm.

**BACKGROUND**

**{2}** Defendant was charged with violating NMSA 1978, Section 66-8-102(C) (2016) and NMSA 1978, Section 66-7-351(A)(3) (1978). The State prosecuted Defendant at a bench trial in metropolitan court in front of Judge Renee Torres. At trial, the State made an opening statement and examined its first witness. After a brief recess, Judge Torres informed the parties on the record, without explanation, that she was recusing herself from the case. Both Defendant and the State were given a chance to state whatever they wished on the record at the time, but neither objected to the unexpected circumstance nor made motions of any sort. Ultimately, no mistrial was declared but trial was effectively stopped.

**{3}** The chief judge of the metropolitan court then assigned the matter to a different judge, who was excused by Defendant, and then the final judge—Judge Michelle Castillo Dowler. After she was assigned, Judge Castillo Dowler held a short pretrial conference wherein she announced she planned to restart the trial and Defendant requested time to determine how he was going to respond to the proceedings. Before trial proceedings resumed or began anew, Defendant filed a motion to dismiss for violation of double jeopardy. After the motion was briefed and a hearing was held, Judge Castillo Dowler granted Defendant's motion and dismissed the case. The State appeals the dismissal.

**DISCUSSION**

**{4}** The State first argues that, pursuant to Rule 7-106(J) NMRA, the first trial never concluded and it should "simply continue." "The proper interpretation of our Rules of Criminal Procedure is a question of law that we review de novo." *Allen v. LeMaster*, 2012-NMSC-001, ¶ 11, 267 P.3d 806. When interpreting procedural rules, we seek "to determine the underlying intent" of our Supreme Court. *State v. Miller*, 2008-NMCA-048, ¶ 11, 143 N.M. 777, 182 P.3d 158. "In interpreting procedural rules, we apply the same canons of construction as applied to statutes and, therefore, interpret the rules in accordance with their plain meaning." *Rodriguez ex rel. Rodarte v. Sanchez*, 2019-NMCA-065, ¶ 12, 451 P.3d 105 (internal quotation marks and citation omitted). "We first look to the language of the rule, and if the rule is unambiguous, we give effect to its language and refrain from further interpretation." *Id.* (alteration, internal quotation marks, and citation omitted).

**{5}** Rule 7-106(J) states,

Inability of a judge to proceed. If a trial or hearing has been commenced and the judge is unable to proceed, any other judge of the court may proceed with it upon certifying familiarity with the record and determining that the proceedings in the case may be completed without prejudice to the parties. The successor judge may recall any witness.

The State argued that trial could be resumed pursuant to Rule 7-106(J) at the hearing on Defendant's motion to dismiss. Indeed, under Rule 7-106(J), Judge Castillo Dowler had the opportunity to certify she was familiar with the record and to determine the proceedings in the case could be completed without prejudice to the parties. Nothing in Rule 7-106(J) mandates such action, however, and Judge Castillo Dowler chose not to proceed as the rule permits, effectively finding that because she would be the trier of fact, she could not certify her own familiarity with the record and it would prejudice the parties to not start the case over. *See State v. Neal*, 2007-NMCA-086, ¶ 43, 142 N.M. 487, 167 P.3d 935 (noting that "the failure of a [trial] court to make a finding of fact is regarded as a finding against the party asserting the affirmative" (internal quotation marks and citation omitted)). When Judge Castillo Dowler determined that she was not sufficiently familiar with the case and she would need to start a new trial, she effectively declared a mistrial, which was well within her purview. *See State v. Fry*, 2006-NMSC-001, ¶ 52, 138 N.M. 700, 126 P.3d 516 (noting we review a district court's decision to grant a mistrial for an abuse of discretion).

**{6}**     We agree with the State that "[i]mplicit consent to a mistrial also removes any double jeopardy bar to retrial." *State v. Paul*, 2021-NMCA-041, ¶ 21, 495 P.3d 610. However, Defendant need not have objected at the time of Judge Torres's recusal, as no mistrial was then declared. Rather, Defendant objected to retrial at the hearing wherein Judge Castillo Dowler declined to continue the case pursuant to Rule 7-106(J); thus, implicit consent is not applicable in this case.

**{7}**     We now turn to the State's next claim that double jeopardy protections were not implicated under the circumstances of this case. "We generally review double jeopardy claims de novo . . . , [but] where factual issues are intertwined with the double jeopardy analysis, we review the trial court's fact determinations under a deferential substantial evidence standard of review." *See State v. Rodriguez*, 2006-NMSC-018, ¶ 3, 139 N.M. 450, 134 P.3d 737 (citation omitted).

**{8}**     The double jeopardy clause of the Fifth Amendment to the United States Constitution provides that no "person [shall] be subject for the same offense to be twice put in jeopardy of life or limb." *State v. Baca*, 2015-NMSC-021, ¶ 20, 352 P.3d 115 (omission, internal quotation marks, and citation omitted). "Constitutional jeopardy attaches . . . in a bench trial when the trial judge first starts hearing evidence." *Id.* ¶ 46. "[W]here a mistrial is granted not at the behest of [a] defendant, a second trial is precluded by the double jeopardy clause of the Fifth Amendment to the United States Constitution unless it can be said that there was a 'manifest necessity' or 'compelling reason' for the granting of a mistrial." *State v. Sedillo*, 1975-NMCA-089, ¶ 5, 88 N.M. 240, 539 P.2d 630; *see also State v. Spillmon*, 1976-NMSC-048, ¶ 3, 89 N.M. 406, 553 P.2d 686 (explaining that "when a jury is discharged and the trial is terminated without the consent of the defendant, jeopardy attaches and bars any subsequent proceedings on those issues"). A trial court is not required to enter a written order of mistrial and a finding of manifest necessity, "so long as the record adequately establishes that the [trial] court properly granted a mistrial." *State v. Foster*, 2003-NMCA-099, ¶ 2, 134 N.M. 224, 75 P.3d 824. However, double jeopardy will bar retrial when the record establishes

that "the trial court concluded the proceedings without declaring mistrial and without reserving the power to retry [the matter.]" *Spillmon*, 1976-NMSC-048, ¶ 3.

{9}    Here, jeopardy attached when the metropolitan court began to hear evidence through the direct examination of the State's first and only witness. The trial was then paused given Judge Torres's recusal. As we determined above, a mistrial was effectively declared when Judge Castillo Dowler declined to continue the case pursuant to Rule 7-106(J) and instead start the trial over. Our review demonstrates a total absence of any evidence that could support a finding of manifest necessity associated with the trial proceedings and ultimate dismissal of this case that would be needed to start the trial over. Thus, we conclude there was no error to dismiss the case based on double jeopardy after Judge Castillo Dowler declined, under Rule 7-106(J), to certify her familiarity with the record and determined that proceedings in the case could not be completed without prejudice to the parties.

{10}    For its last argument, the State claims that cases should be decided on the merits rather than harmless judicial error. But we are bound by the constitutional requirement of a finding of manifest necessity in circumstances in which jeopardy has attached and a mistrial has occurred, and in any event, we determine there to have been no judicial error.

**CONCLUSION**

{11}    We affirm.

{12}    **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**